UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: HARWOOD, TIMOTHY D. § Case No. 09-24959
HARWOOD, PATRICIA K. §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on July 09, 2009. The undersigned trustee was appointed on August 20, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of    $         15,230.96

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 7,229.69 |
   | Bank service fees | 175.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]   $ | 7,826.27 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 01/21/2010 and the deadline for filing governmental claims was 01/21/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,273.10. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $968.29, for a total compensation of $968.29.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/05/2012          By:/s/NORMAN NEWMAN
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 09-24959
**Case Name:** HARWOOD, TIMOTHY D.
HARWOOD, PATRICIA K.
**Period Ending:** 09/05/12

**Trustee:** (330560) NORMAN NEWMAN
**Filed (f) or Converted (c):** 07/09/09 (f)
**§341(a) Meeting Date:** 08/20/09
**Claims Bar Date:** 01/21/10

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Residence 1003 Greenleaf 1E. Evanston 1st mtge, | 230,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | Vacant Land in New Hampshire | 60,000.00 | 54,830.00 | | 15,230.96 | FA |
| 3 | 5th Third Bank checking | 20.00 | 0.00 | DA | 0.00 | FA |
| 4 | American Chartered | 30.00 | 0.00 | DA | 0.00 | FA |
| 5 | First Bank and Trust Evanston joint checking | 500.00 | 0.00 | DA | 0.00 | FA |
| 6 | First Bank and Trust of Evanston | 100.00 | 0.00 | DA | 0.00 | FA |
| 7 | clothing | 200.00 | 0.00 | DA | 0.00 | FA |
| 8 | jewelry including necklace and wedding rings | 2,000.00 | 0.00 | DA | 0.00 | FA |
| 9 | Educational IRA s | 1,500.00 | 0.00 | DA | 0.00 | FA |
| 10 | 1999 Nissan Pathfinder/ 165,000 | 3,000.00 | 0.00 | DA | 0.00 | FA |
| 10 | Assets Totals (Excluding unknown values) | $297,350.00 | $54,830.00 | | $15,230.96 | $0.00 |

**Major Activities Affecting Case Closing:**

Order entered on 1/10/12 approving sale of real estate. Closing sale.

**Initial Projected Date Of Final Report (TFR):** September 30, 2010   **Current Projected Date Of Final Report (TFR):** October 31, 2012

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 09-24959
**Case Name:** HARWOOD, TIMOTHY D.
HARWOOD, PATRICIA K.
**Taxpayer ID #:** \*\*-\*\*\*5334
**Period Ending:** 09/05/12

**Trustee:** NORMAN NEWMAN (330560)
**Bank Name:** The Bank of New York Mellon
**Account:** 9200-\*\*\*\*\*\*68-65 - Checking Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|---|
| 02/01/12 | | Lawyers Settlement Services, LLC | Settlement Proceeds on sale of real estate in NH | | | 8,007.80 | | 8,007.80 |
| | {2} | | Gross Sales Price | 15,230.96 | 1110-000 | | | 8,007.80 |
| | | | Real Estate Commission | -1,500.00 | 3991-500 | | | 8,007.80 |
| | | | Seller's Settlement Charges | -284.95 | 2500-000 | | | 8,007.80 |
| | | | 2009 Real Estate Taxes | -2,328.71 | 2820-000 | | | 8,007.80 |
| | | | 2010 Real Estate Taxes | -1,670.61 | 2820-000 | | | 8,007.80 |
| | | | 2011 Real Estate Taxes | -1,438.89 | 2820-000 | | | 8,007.80 |
| 02/07/12 | 1001 | International Sureties, Ltd. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/07/2012 FOR CASE #09-24959, Bond#016026455 | | 2300-000 | | 6.53 | 8,001.27 |
| 02/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 7,976.27 |
| 03/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 7,951.27 |
| 04/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 7,926.27 |
| 05/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 7,901.27 |
| 06/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 7,876.27 |
| 07/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 7,851.27 |
| 08/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | | 2600-000 | | 25.00 | 7,826.27 |
| | | | **ACCOUNT TOTALS** | | | 8,007.80 | 181.53 | **$7,826.27** |
| | | | Less: Bank Transfers | | | 0.00 | 0.00 | |
| | | | **Subtotal** | | | 8,007.80 | 181.53 | |
| | | | Less: Payments to Debtors | | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | | **$8,007.80** | **$181.53** | |

Net Receipts : 8,007.80
Plus Gross Adjustments : 7,223.16
Net Estate : $15,230.96

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-\*\*\*\*\*\*68-65 | 8,007.80 | 181.53 | 7,826.27 |
| | $8,007.80 | $181.53 | $7,826.27 |

{} Asset reference(s)

Printed: 09/05/2012 09:07 AM    V.13.02

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) BK No.: 09-24959
)
TIMOTHY D. HARWOOD and ) Chapter: 7
PATRICIA K. HARWOOD, )
) Honorable Susan Pierson Sonderby
)
)
Debtor(s) )

## ORDER AUTHORIZING TRUSTEE TO SELL REAL ESTATE

This Matter having come before this Court on the Trustee's Motion for Authorization to Sell Real Estate pursuant to 11 U.S.C. §§ 363(b)(1) and (f), and to pay expenses of closing, including paying RE/MAX Bayside its commission; the Court having jurisdiction over this core proceeding; due and proper notice having been given to all creditors and parties in interest; and the Court being otherwise fully advised in the premises:

NOW THEREFORE IT IS ORDERED that:

1. The Trustee is authorized to enter into and perform under the Purchase and Sales Agreement – New Hampshire Association of REALTORS Standard Form attached hereto as Exhibit A (the "Purchase Agreement") or such other purchase agreement that is substantially similar thereto and to sell to Margurite St. Gelais the Trustee's interest in and to the real property located at Town Map 9, Lot 52 Eastman Hill, Sanbornton, Hew Hampshire 03268 (the "Property") free and clear of all liens, claims and encumbrances for the sum of $15,000.00;

2. The Trustee is authorized to pay out of the proceeds of the sale any costs and expenses associated with the sale of the Property, including but not limited to a commission to RE/MAX Bayside in the amount of $1,500.00 pursuant to the Court-approved Exclusive Listing Agreement – New Hampshire Association of REALTORS Standard Form, past due and prorated real estate taxes, transfer stamp taxes, if any, title costs and any other obligations to fulfill any other requirements of the Purchase Agreement;

3. The Trustee is authorized to execute any other documents and to take any other necessary actions to consummate the sale of the Property;

4. Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry. The Court expressly finds that there is no reason for delay in the implementation of this Order.

ENTERED

Enter: JAN 1 0 2012

SUSAN PIERSON SONDERBY
Honorable Susan Pierson Sonderby
BANKRUPTCY JUDGE

Dated: United States Bankruptcy Judge

Rev: 201100318_bko

**Prepared by:**

Norman B. Newman
Much Shelist, et.al.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000
nnewman@muchshelist.com

Rev: 201100318_bko

| A. Settlement Statement 0265 | U.S. Department of Housing and Urban Development | OMB Approval No. 2502- |
|---|---|---|

**B. Type of Loan**

1. ☐ FHA   2. ☐ FmHA   3. ☐ Conv. Unins.   4. ☐ VA   5. ☐ Conv. Ins

| 6. File Number 2011-409 | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing, they are shown here for informational purposes and are not included in the totals.

| D. NAME AND ADDRESS OF BORROWER: | Marguerite R. St. Gelais |
|---|---|
| | 237 Eastman Hill Road, Sanbornton NH 03269 |
| E. NAME AND ADDRESS OF SELLER: | Norman B. Newman, Trustee of the Bankruptcy Estate of Timothy D. Harwood and Patricia K. Harwood |
| | 181 North Wacker Drive, Suite 1800, Chicago IL 60606 |
| F. NAME AND ADDRESS OF LENDER: | |
| G. PROPERTY LOCATION: | Lot #52 Eastman Hill Road, Sanbornton NH 03269 |
| H. SETTLEMENT AGENT | Lawyers Settlement Services, LLC |
| | 66 NH Route 25, Meredith NH 03253 |
| | (603) 279-6100 |
| PLACE OF SETTLEMENT | 66 NH Route 25, Meredith NH 03253 |
| I. SETTLEMENT DATE: | 01/31/2012 |
| DISBURSEMENT DATE: | 01/31/2012 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract Sales Price | 15,000.00 | 401. Contract Sales Price | 15,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to Borrower (from Line 1400) | 833.95 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| 106. City/Town taxes 01/31/2012 to 03/31/2012 | 230.96 | 406. City/Town taxes 01/31/2012 to 03/31/2012 | 230.96 |
| 107. County taxes | | 407. County taxes | |
| 108. | | 408. | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER: | 16,064.91 | 420. GROSS AMOUNT DUE SELLER: | 15,230.96 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money RE/MAX Bayside | 1,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 1,784.95 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. 2009 RE Taxes to Town of Sanbornton | 2,328.71 |
| 205. | | 505. 2010 RE Taxes to Town of Sanbornton | 1,670.61 |
| 206. | | 506. 2011 RE Taxes to Town of Sanbornton | 1,438.89 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| 210. City/Town taxes | | 510. City/Town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER: | 1,000.00 | 520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER: | 7,223.16 |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER: | | 600. CASH AT SETTLEMENT TO/FROM SELLER: | |
| 301. Gross amount due from borrower (Line 120) | 16,064.91 | 601. Gross amount due to seller (Line 420) | 15,230.96 |
| 302. Less amount paid by/for borrower (Line 220) | 1,000.00 | 602. Less reductions amount due seller (Line 520) | 7,223.16 |
| 303. CASH FROM Borrower | 15,064.91 | 603. CASH TO Seller | 8,007.80 |

We, the undersigned, identified in Section D hereof and Seller in Section E hereof, hereby acknowledge receipt of this completed Settlement Statement on January 31, 2012.

BORROWER Marguerite R. St. Gelais

SELLER Norman B. Newman, Trustee of the Bankruptcy Estate of Timothy D. Harwood and Patricia K. Harwood

## L. SETTLEMENT CHARGES

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| **700.** DIVISION OF COMMISSION (LINE 700) AS FOLLOWS: | | | |
| 701. $1,500.00 to RE/MAX Bayside | | | |
| 702. | | | |
| 703. Commission paid at settlement | | | |
| 704. | | | 1,500.00 |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | | |
| 801. Loan Origination Fee | | | |
| 802. Loan Discount | | | |
| 803. | | | |
| 804. | | | |
| 805. | | | |
| 806. | | | |
| 807. | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:** | | | |
| 901. Interest from // To // @ .0000  0 days | | | |
| 902. Mortgage insurance premium  0 months @ $.00 | | | |
| 903. Hazard Insurance premium  0 months @ $.00 | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER:** | | | |
| 1001. Hazard Insurance  0 months @ $.00 | | | |
| 1002. Mortgage Insurance  0 months @ $.00 | | | |
| 1003. City property taxes  0 months @ $.00 | | | |
| 1004. County property taxes months at per month  0 months @ $.00 | | | |
| 1005. Annual assessments  0 months @ $.00 | | | |
| 1006.  0 months @ $.00 | | | |
| 1007.  0 months @ $.00 | | | |
| 1008. | | 0.00 | |
| **1100. TITLE CHARGES:** | | | |
| 1101. Settlement Fee | to Lawyers Settlement Services, LLC | 495.00 | |
| 1102. Abstract Fee | to Mick Harris | 85.00 | |
| 1103. | | | |
| 1104. | | | |
| 1105. Document Prep Fee | to Lawyers Settlement Services, LLC | | 150.00 |
| 1106. | | | |
| 1107. Attorney's fees | | | |
| 1108. Title Insurance | to Commonwealth Land Title Insurance Company | 100.00 | |
| 1109. Lender's coverage  $.00 @ $.00 | | | |
| 1110. Owner's coverage  $15,000.00 @ $100.00 | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | | |
| 1201. Recording fees: Deed: $16.45 Mortgage: $.00 Release: $.00 | | 16.45 | |
| 1202. City/county tax stamps: Deed: $.00 Mortgage: $.00 | | | |
| 1203. State tax stamps: Deed: $225.00 Mortgage: $.00 | | 112.50 | 112.50 |
| 1204. LCHIP Surcharge | to Belknap County Registry of Deeds | 25.00 | |
| 1205. Recording Fee (Order to Sell) | to Belknap County Registry of Deeds | | 12.45 |
| **1300. ADDITIONAL SETTLEMENT CHARGES:** | | | |
| 1301. | | | |
| 1302. Courier Fee | to Lawyers Settlement Services, LLC | | 10.00 |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (Enter on Line 103, Sec. J and Line 502, Sec. K) | | 833.95 | 1,784.95 |

We, the undersigned, identified in Section D hereof and Seller in Section E hereof, hereby acknowledge receipt of this completed Settlement Statement (Pages 1 and 2) on January 31, 2012.

_____  
BORROWER Marguerite R. St. Gelais

_____  
SELLER Norman B. Newman, Trustee of the Bankruptcy Estate of Timothy D. Harwood and Patricia K. Harwood

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: _____ Date: 1/31/12

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-24959
Case Name: HARWOOD, TIMOTHY D.
Trustee Name: NORMAN NEWMAN

**Balance on hand:**  $  7,826.27

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:  $  0.00
Remaining balance:  $  7,826.27

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Norman B. Newman, Trustee | 2,273.10 | 0.00 | 968.29 |
| Attorney for Trustee, Fees - Much Shelist, P.C. | 15,991.00 | 0.00 | 6,811.83 |
| Attorney for Trustee, Expenses - Much Shelist, P.C. | 108.34 | 0.00 | 46.15 |

Total to be paid for chapter 7 administration expenses:  $  7,826.27
Remaining balance:  $  0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:  $  0.00
Remaining balance:  $  0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

**UST Form 101-7-TFR (05/1/2011)**

| | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 164,048.21 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | 4,903.46 | 0.00 | 0.00 |
| 2 | DISCOVER BANK | 4,280.42 | 0.00 | 0.00 |
| 3 | PYOD LLC its successors assignee of Citibank | 22,404.79 | 0.00 | 0.00 |
| 4 | Chase Bank USA, N.A. | 6,476.57 | 0.00 | 0.00 |
| 5 | Chase Bank USA, N.A. | 585.13 | 0.00 | 0.00 |
| 6 | Chase Bank USA, N.A. | 5,272.54 | 0.00 | 0.00 |
| 7 | American Express Centurion Bank | 16,024.36 | 0.00 | 0.00 |
| 8 | American Express Centurion Bank | 27,850.45 | 0.00 | 0.00 |
| 9 | Chase Bank USA, N.A. | 14,721.68 | 0.00 | 0.00 |
| 10 | FIA CARD SERVICES, NA/BANK OF AMERICA | 9,909.33 | 0.00 | 0.00 |
| 11 | FIA CARD SERVICES, NA/BANK OF AMERICA | 13,018.03 | 0.00 | 0.00 |
| 12 | FIA CARD SERVICES, NA/BANK OF AMERICA | 7,829.57 | 0.00 | 0.00 |
| 13 | Elan Financial Services | 21,825.11 | 0.00 | 0.00 |
| 14 | First National Bank of Omaha | 8,946.77 | 0.00 | 0.00 |

| | Total to be paid for timely general unsecured claims: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

Printed: 09/05/12 09:07 AM

Page: 1

# Claims Proposed Distribution

### Case: 09-24959   HARWOOD, TIMOTHY D.

Report Includes ONLY Claims with a Proposed Distribution

| Case Balance: | $7,826.27 | | Total Proposed Payment: | $7,826.27 | | Remaining Balance: | $0.00 | |
|---|---|---|---|---|---|---|---|---|
| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
| A | Norman B. Newman, Trustee <2100-00 Trustee Compensation> | Admin Ch. 7 | 2,273.10 | 2,273.10 | 0.00 | 2,273.10 | 968.29 | 6,857.98 |
| MS-E | Much Shelist, P.C. <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | Admin Ch. 7 | 108.34 | 108.34 | 0.00 | 108.34 | 46.15 | 6,811.83 |
| MS-F | Much Shelist, P.C. <3110-00 Attorney for Trustee Fees (Trustee Firm)> | Admin Ch. 7 | 15,991.00 | 15,991.00 | 0.00 | 15,991.00 | 6,811.83 | 0.00 |
| **SUBTOTAL FOR ADMIN CH. 7** | | | 18,372.44 | 18,372.44 | 0.00 | 18,372.44 | 7,826.27 | |
| | Total for Case 09-24959 : | | $18,372.44 | $18,372.44 | $0.00 | $18,372.44 | $7,826.27 | |

### CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $18,372.44 | $18,372.44 | $0.00 | $7,826.27 | 42.597880% |